IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-3395-CV-S-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Eric Caldwell ("Caldwell") seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is

Case 6:05-cv-03395-RED   Document 11   Filed 10/24/06   Page 2 of 5

comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Caldwell argues that (1) the ALJ failed to give proper weight to Dr. McGehee's testimony, (2) the ALJ should have found Caldwell's testimony credible, and (3) there is insufficient evidence to support the ALJ's conclusion that Caldwell had sufficient residual functional capacity to meet the demands of his prior work in fast food.

#### A. The ALJ Assigned Proper Weight to Dr. McGehee's testimony.

Dr. McGehee concluded that Caldwell was disabled due to back and knee pain and psychological impairments. The ALJ was not required to give Dr. McGehee's testimony controlling weight because Dr. McGehee was not Caldwell's treating physician. *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004); *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *Metz v. Shalala*, 49 F.3d 374, 378 (8th Cir. 1995). Moreover, Dr. McGehee's conclusions contradicted the

conclusions reached by other doctors, Caldwell's testimony, and Dr. McGehee's own notes he created during and immediately after seeing Caldwell. In short, Dr. McGehee's conclusions about Caldwell's alleged disability were not supported by the record as a whole, and the ALJ properly discounted Dr. McGehee's testimony in the decision.

### B. The ALJ Properly Assessed Caldwell's Credibility.

"Where adequately explained and supported, credibility findings are for the ALJ to make." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ is "not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Id.*; *see also McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000).

Caldwell testified that he could not work due to back and knee pain and psychological impairments. The ALJ discounted Caldwell's testimony and discussed his reasons for doing so over the course of many pages in the decision. After reviewing the ALJ's decision, the Court is certain that the ALJ acknowledged and examined the *Polaski* considerations as well as a number of other relevant considerations supported by the record as a whole in discounting Caldwell's subjective complaints. Caldwell's testimony contradicted the great weight of medical and non-medical evidence presented at the hearing. Caldwell's testimony about his disability even contradicted his own admissions about his daily tasks, erratic work history, criminal record, and failure to seek medical treatment. The ALJ properly discounted Caldwell's credibility.

### C. The ALJ did not Err in Finding that Caldwell had Sufficient Residual Functional Capacity ("RFC") to Work in Fast Food.

Caldwell claimed that his knee and back problems and his psychological impairments rendered him unable to perform his prior work in the fast food industry. Upon discounting the

-4-

conclusions reached by Dr. McGehee and Caldwell's subjective complaints, the overwhelming weight of the medical and non-medical evidence supports the conclusion that Caldwell may suffer from some health problems (e.g. obesity), but these problems do not impair Caldwell from working in the fast food industry. The ALJ properly relied upon the opinion of a vocational expert and other evidence presented at trial in determining that Caldwell had sufficient RFC to perform "light work" in the fast food industry. Because Caldwell previously performed light work in the fast food industry, the ALJ correctly denied Caldwell disability status.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE:	October 24, 2006		*/s/ Richard E. Dorr*
					RICHARD E. DORR, JUDGE
					UNITED STATES DISTRICT COURT